IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EVA E. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv377-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, Eva E. Brown ("Brown") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Brown, age 59 at the time of the hearing, completed high school and some business

courses in technical college.  Brown's past relevant work included employment as a voucher examiner, data transcriber, accounting technician, and nurse's aide.  Her disability application documents claim she became disabled on August 30, 1995 due to degenerative bone disease and a bladder condition.  She did not engage in substantial gainful work activity at any time relevant to her application period.  The ALJ noted Brown earned sufficient quarters of coverage to remain insured through December 31, 2000.[1]

The ALJ accepted record evidence "that the claimant, through her date of last insurance (December 31, 2000), possessed a combination of severe, functionally limiting impairments, which imposed more than a significant limitation on [Brown's] ability to perform basic work activities."[2]  The acknowledged impairments were lumbar disc disease with spine surgery, obstructive sleep apnea, and insterstitial cystitis.[3]  The ALJ found these impairments limited Brown to sedentary work through her date of last insurance ("DLI").  The ALJ further found Brown "was credible with respect to the existence of impairments, but the full record does not support the degree of impairment alleged through December 31, 2000, her date last insured."[4]

The ALJ's decision carefully highlighted the distinction between evidence of Brown's disability after the relevant DLI.  After finding no "documented persistent reliable

---

[1] R. at 25, 530.

[2] R. at 28.

[3] R. at 28.

[4] R. at 28.

3

manifestations of a disabling loss of functional capacity which could have been expected of an individual with a functionally debilitating impairment" as of Brown's DLI, and "no persuasive evidence of any continuing work-affecting side effects from her medication," he found "the full record amply demonstrates more recent disabling level limitations . . . ."

The ALJ concluded Brown did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found Brown retained the residual functional capacity for sedentary work through December 31, 2000, and was capable of returning to her past relevant work as a data transcriber. This finding of Brown's ability to work rendered her ineligible for disability benefits under the Act at the expiration of her insured status on December 31, 2000.

### III.  ISSUES

Brown raises four issues for judicial review:[5]

1. Whether the ALJ failed to comply with Social Security Ruling 02-01p in evaluating Brown's obesity, thus committing reversible error.

2. Whether the ALJ failed to comply with 20 C.F.R. §404.1520a in evaluating Brown's mental health, thus committing reversible error.

3. Whether the ALJ failed to consider Brown's non-exertional limitations in his RFC finding, thus committing reversible error.

---

[5] *See* Plaintiff's Brief ("Pl. Br.") at 13 (Doc. #13, filed September 10, 2007) *and* Order filed May 7, 2007 (Doc. #4) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

4. Whether the ALJ failed to provide specific findings or analysis regarding the mental demands of Brown's past relevant work, thus committing reversible error.

## IV.  DISCUSSION

**1.   The ALJ was not required to apply Social Security Ruling 02-01p in Brown's case, and therefore did not commit reversible error.**

Brown argues the ALJ's failure to treat her obesity as a "severe" impairment, or to discuss the condition in relation to her physical or mental ability to work, violated SSR 02-01p and constituted reversible error.  The Commissioner responds Brown did not demonstrate her obesity constituted a "severe" impairment, and the ALJ was not required to address the impact of this non-severe condition on her physical or mental abilities.

Record evidence indicates Brown was overweight and was encouraged by her treating physician to lose weight.[6]  Obesity does not constitute a severe impairment, unless "alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-01p, ¶ 6.  Brown urges reversal based upon *Williams v. Barnhart*, 186 F.Supp.2d 1192 (M.D. Ala. 2002), where this court held an ALJ's failure to consider a diagnosis of morbid obesity when determining severe impairments was reversible error.  *Williams*, 186 F.Supp. at 1198.  *Williams* is distinguishable because the ALJ decision under review found the claimant could perform the manual labor required by her past relevant work despite

---

[6]R. at 123, 518.

morbid obesity, whereas Brown has not shown how obesity impacts her ability to perform sedentary work as a data transcriber. Neither the *Williams* decision nor SSR 02-01p require an ALJ to equate a diagnosis of obesity with being impaired by the condition. "A diagnosis alone is an insufficient basis for a finding that an impairment is severe. The severity of a medically ascertained impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002), citing *McCruter v. Bowen*, 791 F.2d 1544 1547 (11th Cir. 1986).

Brown's reliance upon mere diagnosis of obesity for reversal fails because she has not demonstrated an impairment due to her condition. Although her brief references her "struggle" with obesity, it does not show how the diagnosis prevents her from performing sedentary work as a data transcriber. Therefore, the ALJ did not err in concluding Brown's physical abilities would permit her to resume her past relevant work. Thus, the record contains substantial evidence to support the ALJ's omission of obesity from the list of Brown's severe impairments.

> **2.    The ALJ's evaluation of Brown's mental health was consistent with 20 C.F.R. §404.1520a, and any error was harmless.**

Brown argues the ALJ committed reversible error by failing to evaluate her mental condition pursuant to 20 C.F.R. § 404.1520a. The Commissioner acknowledges the ALJ did not evaluate Brown's mental condition, but argues the error was harmless because Brown did

not demonstrate a "severe" mental impairment. *See* 20 C.F.R. § 404.1520a(d).

Brown's claim of reversible error is based upon the absence of a Psychiatric Review Technique Form ("PRTF") with the ALJ's decision. *See Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005) (requiring remand under 20 C.F.R. § 404.1520a in the absence of a PRTF if a colorable claim of mental impairment is presented). Due to an amendment of 20 C.F.R. § 404.1520a, a PRTF has not been required since September 20, 2000, and the mere absence of one cannot serve as grounds for reversal.[7] Notwithstanding the elimination of that formal requirement, surviving regulations direct an ALJ to consider signs, symptoms, and laboratory findings when determining the existence of a mental impairment. *See* 20 C.F.R. §§ 404.1520a(b), 404.1508. Once an impairment is established, it is then rated for the degree of functional limitation(s) experience by the claimant. *See* 20 C.F.R. § 404.1520a(c); *Behn v. Barnhart, id*. Mental impairments are assessed for their impact on functional limitations in (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(4). Absent evidence of a more than minimal limitation upon basic work activities, ratings of "none" to "mild" in categories one through three, and "none" in category four, result in a finding of a non-severe impairment. 20 C.F.R. § 404.1520a(d)(1).

*Behn* notes the evaluation process is only required when a "colorable" claim of mental impairment is established, and further defines such as those claims which are not "wholly

---

[7]*See* Def.'s Br. at 7, n.3; *see also Behn v. Barnhart*, 463 F.Supp.2d 1043, 1047 (C.D. Cal. 2006).

insubstantial, immaterial, or frivolous." *Behn, id.*; *see also Moore* at 1214 (classifying claimant's evidence of mental deterioration as "non-frivilous"). The transcript of Brown's administrative hearing does not reference any issue of mental impairment or depression, and her brief does not present any claim of limitation in activities, concentration, cognition, or social functioning. The Commissioner points to Brown's raising a claim of mental impairment during this appeal, as opposed to citing limitations in her initial application or during her administrative hearing.[8] These failures, standing alone, "could dispose of [the] claim, as it has been persuasively held that an 'administrative law judge is under no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability."' " *Street v. Barnhart,* 133 Fed.Appx. 621, *627, 2005 WL 1164202, (11th Cir. 2005) citing *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996).

The Commissioner does concede Brown was prescribed Zoloft for depression, but notes no evidence of limitation due to depression.[9] The lack of any evidence of Brown's mental impairment leads the Court to conclude a "colorable" claim is not evident from the administrative record in Brown's case, and a detailed analysis under 20 C.F.R. § 404.1520a was not necessary to the disposition of her case by the ALJ.

---

[8] Def.'s Br. at 7.

[9] Def.'s Br. at 7.

The court finds the ALJ's failure to analyze Brown's mental condition pursuant to 20 C.F.R. § 404.1520a was harmless error, as she did not present a colorable claim of mental impairment. The procedures outlined in the regulation cited by Brown as grounds for reversal look first to whether an impairment is established, and whether functional limitations result therefrom. Brown's failure to establish an impairment required no further analysis by the ALJ as to her claim of mental limitations.

### 3. The ALJ correctly considered Brown's non-exertional limitations in his RFC finding, and therefore did not commit reversible error.

Brown argues the ALJ committed reversible error because his discussion of her RFC did not address the non-exertional limitations imposed by her impairments. The Commissioner responds the ALJ adequately addressed the credibly established limitations which existed on Brown's date of last insurance, and his finding her limited to sedentary work reflects consideration of those non-exertional limitations.

Brown contends her pain, urinary incontinence, lethargy due to medication, and depression constitute non-exertional limitations which should have been considered by the ALJ. The ALJ credits Brown's testimony and record evidence regarding impairment due to pain for a time period after the relevant DLI.[10] The decision notes Brown's pain in hips, legs, and bladder, 1997 surgery for an instrumented fusion L4 to the sacrum, and resumption of recovery. The decision notes "[N]o treating or other source had precluded claimant from

---

[10]R. at 28.

9

work-related activity following her surgical recovery in 1997."[11]  Brown does not reference any record evidence which expresses a contrary opinion.

The record shows Brown's back and bladder pain was resolved as of October, 1997.[12] The record shows Brown had no complaints of bladder difficulties in April, 1999.[13]  The Commissioner notes a recurrence in July, 2000, but argues that, even if the problem was not quickly resolved through medication as before, the condition arose too close to Brown's DLI to satisfy the Act's requirement that a disability persist for a 12-month period.[14]  *See Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) (citing regulations for 12 month minimum length of disability).  Likewise, the record shows a durational impediment to medication-induced lethargy as a cause of disability, as that condition was directly related to Brown's recuperation from back surgery, and Brown does not point to records which demonstrate the problem for a 12-month period prior to her DLI.[15]  Finally, the record does not support Brown's argument for consideration of "depression" as a non-exertional impediment, as she did not establish disabling depression under 20 C.F.R. § 404.1520a.  *See* Part IV., 2, *supra*.

The Court finds the ALJ correctly considered Brown's established impairments - lumbar disc disease with spine surgery, obstructive sleep apnea, and insterstitial cystitis - into

---

[11] R. at 28.

[12] R. at 468.

[13] R. at 451.

[14] Def.'s Br. at 9-10.

[15] R. at 144.

his finding that she was limited to sedentary work. The record does not support her claims of additional, non-exertional impairments for a full 12-month period preceding her DLI. Accordingly, substantial evidence supports the finding of non-disability as of December 31, 2000.

   4.   **The ALJ's failure to consider depression as a non-exertionalal limitation to Brown's past relevant work was not error in light of the record before him, and he therefore did not commit reversible error.**

Brown's final argument questions whether the ALJ should have made specific findings as to the mental demands of her past relevant work. The Commissioner responds the claims are without merit due to a lack of evidence supporting Brown's claim of depression as a severe impairment.

"Adequate documentation of past work includes factual information about those work demands which have a bearing on the *medically established* limitations." *Davison v. Halter*, 171 F.Supp.2d 1282, 1285 (S.D. Ala. 2001), quoting SSR-82-62. As discussed above in Part IV., 2., the record in Brown's case does not establish a mental impairment - severe or otherwise - which required specific ALJ findings regarding the mental demands of Brown's past work. *See Street,* 133 Fed.Appx. at 627. In this case, Brown failed to raise any claim or argument of mental impairment, and thereby did not "present any evidence to the ALJ that would have put him on notice of a mental or intellectual limitation" on her ability to perform her past relevant work. *Street, id.* at 628.

The Court finds the ALJ did not err in failing to conduct an analysis of Brown's

ability to withstand the mental demands of her past relevant work because she failed to raise any claim regarding mental impairment.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 23rd   day of October, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE